RECEIVED
IN LAKE CHARLES, LA

OCT - 4 2006

ROBERT H. SHEMWELL, CLERK
WESTERN DISTRICT OF LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| MCARTHUR DAVIS, ET AL. | : | DOCKET NO. 2:05-cv-767 |
|---|---|---|
| VS. | : | JUDGE MINALDI |
| UNITED STATES OF AMERICA | : | MAGISTRATE JUDGE WILSON |

## MEMORANDUM ORDER

Currently before the court is Plaintiff's Motion to Compel [doc. 22]. The only issue remaining is whether the Coast Guard's report and investigative file generated during its administrative claims investigation is privileged. Certain portions of this investigative file have been voluntarily produced to the plaintiff's. However, the United States is claiming that the undisclosed portions of that file are shielded from discovery by the work-product doctrine because they were prepared in anticipation of litigation.

This civil action arises out of an incident what occurred on May 28, 2003. The Coast Guard was notified of the incident that same date and soon thereafter initiated an administrative claims investigation of the incident pursuant to the Coast Guard Claims and Litigation Manual, COMDTINST M5890.9 ("Claims Manual"). Following this investigation, a report was issued by the Coast Guard on January 19, 2004. It is this investigative report and file that the plaintiffs seek.

The work-product doctrine is codified in Rule 26(b)(3) of the Federal Rules of Civil

Procedure.[1] *Conoco v. Boh Brothers Construction Co.*, 191 F.R.D. 107, 117-18 (W.D. La. 1998). This doctrine protects from discovery documents and other tangible things prepared by a party or representative of a party, including attorneys, consultants, agents, or investigators in anticipation of litigation. *Boh Bros.*, 191 F.R.D. at 118; *Hickman v. Taylor*, 67 S.Ct. 385, 393-94 (1947). The work-product doctrine does not protect materials assembled in the ordinary course of business, pursuant to regulatory requirements, or for other non-litigation purposes. *National Union Fire Ins. Co. of Pittsburgh, Pa. v. Murray Sheet Metal Co., Inc.*, 967 F.2d 980, 984 (4th Cir. 1992); *Guzzino v. Felterman*, 174 F.R.D. 59, 63 (W.D. La. 1997), citing *United States v. El Paso Co.*, 682 F.2d 530 (5th Cir. 1982); *Heath v. F/V Zolotoi*, 221 F.R.D. 545, 550 (W.D. Wa. 2004); *Pacamor Bearings, Inc. v. Minebea Co., Ltd.*, 918 F.Supp. 491, 512-13 (D.N.H.1996); *Martin v. Valley National Bank of Arizona*, 140 F.R.D. 291, 304 (S.D.N.Y. 1991); *Sanders v. Alabama State Bar*, 161 F.R.D. 470 (M.D. Ala. 1995). The party who is seeking the protection of the work-product doctrine has the burden of proving that the documents were prepared in anticipation of litigation. *Boh Bros.*, 119 F.R.D. at 117; *In Re Leslie Fay Companies Securities Litigation*, 161 F.R.D. 274, 280 (S.D.N.Y., 1995); *Pacamor Bearings*, 918 F.Supp. at 512.

The threshold determination that the court must make is whether the documents sought to be protected were, in fact, prepared in anticipation of litigation or whether they were prepared in the ordinary course of business. *Upjohn Co. v. United States*, 101 S.Ct. 677 (1981); *Caremark, Inc. v. Affiliated Computer Systems, Inc.*, 195 F.R.D. 610, 614 (N.D. Ill., 2000). The Fifth Circuit has

---

[1] Although this is a diversity case, federal law is applicable to Praxair's claim that the requested documents are immune from discovery under the work-product doctrine. *See Dunn v. State Farm*, 927 F.2d 869, 875 (5th Cir. 1991) (a diversity case wherein the 5th Circuit applied state law to claims of attorney-client privilege and federal law to claims of work-product immunity); *Conoco v. Boh Brothers Construction Co.*, 191 F.R.D. 107, 118, n.6 (W.D. La. 1998); *See also* 6 Moore's Federal Practice, §26.70[7] (Matthew Bender 3d ed.)(work product doctrine is governed by the federal standard, even in diversity cases).

indicated that a document is prepared in anticipation of litigation "as long as the primary motivating purpose behind the creation of the document was to aid in possible future litigation." *United States v. Davis*, 636 F.2d 1028, 1039 (5th Cir. 1981). The Coast Guard has produced summary judgment type evidence which establishes that its claims investigation was undertaken in contemplation of litigation and to assist attorneys. The Chapter 2 of the Claims Manual provides that:

>  B. Requirements
>   1. An [administrative claims] investigation is required whenever:
>       (a) A claim is made against the Coast Guard;
>       (b) The Coast Guard is notified of a potential claim; [or]
>       (c) An accident or incident involving the Coast Guard results in personal injury or death of a civilian . . . or in damage or loss, or destruction of property; . . . .

*See* Doc. 25-2, pp.6-7.

The Claims Manual specifically states that "[t]he sole purpose of a claims investigation is to ascertain the facts needed to properly settle a claim or defend or prosecute a lawsuit." *See* Doc. 25-2, p.6. Further, the undisclosed investigative report which has been produced for *in camera* inspection states that "[t]his investigation is being conducted and this report is prepared in contemplation of litigation and to assist attorney, acting on behalf of the Chief Counsel, representing interests of the United States in this matter."

The plaintiffs attempt to counter this evidence by arguing that the Coast Guard's investigation and report were generated in the ordinary course of business, pursuant to the Coast Guard's statutory duty imposed by 14 U.S.C. § 2, *et seq*. This statute defines in general terms the primary duties of the United States Coast Guard.[2] However, this statutory provision does not specifically impose a

---

[2] 14 U.S.C. § 2 provides as follows:
§ 2. Primary duties
The Coast Guard shall enforce or assist in the enforcement of all applicable Federal laws on, under, and over the high seas and waters subject to the jurisdiction of the United States; shall engage in maritime air surveillance or interdiction to enforce or assist in the enforcement of the laws of the United States; shall

3

duty on the Coast Guard to investigate maritime accidents.[3]

Because the court finds that the administrative claims investigation was initiated by the Coast Guard in anticipation of litigation, the investigative report and file are protected by the work-product doctrine. Accordingly,

**IT IS ORDERED** that the Motion to Compel be DENIED to the extent that it seeks production of the Coast Guard's report and investigative file generated during its administrative claims investigation.

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, October 4, 2006.

ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

---

administer laws and promulgate and enforce regulations for the promotion of safety of life and property on and under the high seas and waters subject to the jurisdiction of the United States covering all matters not specifically delegated by law to some other executive department; shall develop, establish, maintain, and operate, with due regard to the requirements of national defense, aids to maritime navigation, icebreaking facilities, and rescue facilities for the promotion of safety on, under, and over the high seas and waters subject to the jurisdiction of the United States; shall, pursuant to international agreements, develop, establish, maintain, and operate icebreaking facilities on, under, and over waters other than the high seas and waters subject to the jurisdiction of the United States; shall engage in oceanographic research on the high seas and in waters subject to the jurisdiction of the United States; and shall maintain a state of readiness to function as a specialized service in the Navy in time of war, including the fulfillment of Maritime Defense Zone command responsibilities.

[3] To the extent that a duty to investigate marine accidents is imposed by statute on the Coast Guard, it appears that such duty would arise under 46 U.S.C. § 6301. However, it should be noted that 46 U.S.C. § 6308 provides that

Notwithstanding any other provision of law, no part of a report of a marine casualty investigation conducted under section 6301 of this title, including findings of fact, opinions, recommendations, deliberations, or conclusions, shall be admitted as evidence or subject to discovery in any civil or administrative proceedings, other than an administrative proceeding initiated by the United States.